UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID J. TAULBEE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO. 1:04-CV-405 |
| | ) |
| TELEFLEX, INC., d/b/a | ) |
| TELEFLEX AUTOMOTIVE, | ) |
| | ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Defendant Teleflex, Inc., filed a motion to dismiss with this Court on June 3, 2005, contending that *pro se* Plaintiff David J. Taulbee has failed to participate in the proceedings of this litigation and has apparently abandoned the lawsuit. (Docket # 34.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(d)(1), the undersigned Magistrate Judge recommends that this case be dismissed as a sanction under Federal Rule of Civil Procedure 16(f) because Taulbee failed to appear for three conferences with this Court on May 16, 2005, June 1, 2005, and June 27, 2005, and has failed to respond to Teleflex's outstanding discovery requests in violation of the Court's May 16 Order. (Docket # 30, 33-35, 37.) This Report and Recommendation is based on the following facts and principles of law.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Taulbee filed a complaint against Teleflex on October 26, 2004, through his then-counsel, Christopher Myers, alleging that he was terminated by Teleflex because of (1) his religion, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*;

(2) an alleged disability, thereby violating the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*; (3) taking medical leave, thereby violating the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; and (4) his participation in Teleflex's health plan due to an alleged serious medical condition, thereby violating the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (Docket # 1.) A pretrial conference was held with this Court and each party's counsel on December 6, 2004, and discovery commenced thereafter. (Docket # 17, 19.)

On April 25, 2005, Myers and his associate, Nicole Cunningham, moved to withdraw as Taulbee's counsel, and on April 27, 2005, Taulbee filed a motion seeking an extension of time to respond to Teleflex's outstanding discovery requests. (Docket # 20, 21, 24.) The Court scheduled a hearing on these motions for May 16, 2005. (Docket # 26.)

Taulbee, however, failed to appear on May 16, 2005. (Docket # 30.) At the hearing, the Court granted the motion to withdraw filed by Taulbee's counsel and ordered Taulbee to respond to Teleflex's outstanding discovery requests by May 24, 2005. (*Id.*) A notice then issued directing Taulbee to be personally present at a scheduling conference set for June 1, 2005, warning him that sanctions, including possible dismissal of this action, would be imposed if he failed to appear on June 1. (*Id.*) The Court directed the Clerk to send a copy of the order to Taulbee's last known address, and the mailing was not returned. (Docket # 30, 31.)

Nonetheless, Taulbee did not respond to Teleflex's outstanding discovery requests by May 24, nor did he appear at the June 1 conference. (Docket # 33.) Accordingly, Teleflex filed the motion to dismiss on June 3 (Docket # 34); rather than dismissing the case, the Court issued an order setting a hearing on Teleflex's motion to dismiss for June 27, 2005, warning Taulbee that the undersigned Magistrate Judge would recommend to the District Judge that the action be

dismissed if he failed to appear on June 27.  (Docket # 33, 36).  The Court again directed the Clerk to send a copy of the order to Taulbee's last known address, and the mailing was not returned.  (*Id*.)

Despite the Court's admonitions, Taulbee failed to appear for the June 27 conference and has not contacted the Court to explain his absence.  (Docket # 37.)  Furthermore, Taulbee has not responded to Teleflex's outstanding discovery requests, nor any of Teleflex's attempts to contact him. (Docket # 34, 35.)

### III. DISCUSSION

Rule 16(f) provides in relevant part that "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Dismissal is among the remedies set forth in Rule 37(b)(2)(C).   However, dismissal "should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'"  *Spain v. Bd. of Educ. of Meridian Cmty. Unit Sch. Dist. Number 101,* 214 F.3d 925, 930 (7th Cir. 2000) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (internal quotations and citations omitted).  In deciding whether to dismiss an action under these circumstances, a court should consider factors such as the frequency and magnitude of a plaintiff's failure to comply with deadlines, the effect a plaintiff's failures has had on the court's ability to manage its calendar, and the prejudice suffered by the defendants.  *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993).

Taulbee has failed to appear at three conferences with this Court and has failed to respond to Teleflex's outstanding discovery requests, even when ordered by the Court. The Court twice withheld sanctions, choosing instead to reschedule and provide Taulbee with additional opportunities to appear. Taulbee did not avail himself of those opportunities, nor did he advise the Court or opposing counsel as to the reasons for his non-appearances. Thus, there is a "clear record of delay" entirely attributable to Taulbee. *Spain*, 214 F.3d at 930. Moreover, Taulbee was twice expressly warned that this action could be dismissed if he did not appear, but this failed to elicit a response or an appearance.

The scarce judicial resources of this division, and Teleflex's interest in avoiding unnecessary waste of time, energy, and expense clearly indicate that this case should be dismissed, despite Taulbee's *pro se* status. Dismissal is particularly appropriate given Taulbee's wholesale failure to comply with the Court's orders and apparent disinterest in pursuing his claims.[1]

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Defendant's motion to dismiss (Docket # 34) be GRANTED and this action be DISMISSED WITH PREJUDICE pursuant to Rule 16(f).

The Clerk is directed to send a copy of this Report and Recommendation to Taulbee at

---

[1] The Court is aware of the general proposition that "the law favors giving plaintiffs their day in court." *Stevens v. Greyhound Lines*, 710 F.2d 1224, 1228 (7th Cir. 1983). However, "[p]laintiff's actions have frustrated the court's attempts to manage properly this action pursuant to Rule 16(b) and wasted increasingly scarce judicial resources." *Gorsline v. State of Kansas*, 1994 WL 413846, at *1 (D. Kan. July 28, 1994).

Courts have dismissed actions under similar circumstances. For example, the *Gorsline* court dismissed a *pro se* plaintiff's case for failure to appear for three preliminary pretrial conferences. Similarly, in *Hall v. Flynn*, 829 F.Supp. 1401 (N.D.N.Y. 1993), the district court dismissed a *pro se* plaintiff's complaint after missing only one pretrial scheduling conference.

4

his last known address and to Teleflex.  NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996).

      Enter for this 28th day of June, 2005.

                                            S/ Roger B. Cosbey
                                            Roger B. Cosbey,
                                            United States Magistrate Judge